Next case is Craig Johnson v. United States, 2022, 1399. Mr. Casara. Good morning, judges. Pleasure to see you all. Judge Lori, I've asked to reserve three minutes of rebuttal in this case. Your Honor, my name is William Casara from Augusta, Georgia, and I represent the decorated Marine in this case, Mr. Craig Johnson. It's my honor to do so. Your Honor, the Marine Corps improperly discharged Mr. Johnson prior to the expiration of his contract and gave him the lifelong stigma of a RE30 separation code without due process of law. The standard of review in this case from a decision for the Board of Correction for Naval Records is de novo. Why is a transfer from active reserve to IRR discharge? Because Mark Korsman says it is, is the main reason. And it's especially... Judge... No, it says it's a separation, doesn't it? Well, and it defines... When it defines discharge, one of the exact languages that it uses is transfer to the IRR. That language is clearly within the Mark Korsman, as we point out in our brief. Where does it say discharge is at? It says separation in Mark Korsman. Are you talking about 1,000... These military... I get it. These military cases are super complex. It's all I do, Judge, I know. Believe me. It took me 20 minutes to figure out how to say Mark Korsman as opposed to something else. Well, that's another beef I have with the military, but pronouncing these acronyms is ridiculous. But we're talking about 1,250, right? Yes. Where does it say discharge is includes? It says separation is the general term that includes this whole thing. It doesn't equate discharge with that, does it? No, but I think that that is... In fact, it sets out discharge as separate from a change from active duty to IRR. But the Mark Korsman, assuming I am pronouncing that correctly, is the authority on the procedures for separating Marines. No, no, no, I get it, but you just got up and said they discharged him, but they didn't discharge him, they transferred him, and that counts as a separation, but not necessarily a discharge, right? Well, and this... I think it's a distinction without a difference, but I think that the difference does come in, in terms of the regulatory requirement that a Marine who is being separated with more than six years active duty is required to be sent to an administrative separation board. In fact, the language is the exact term of an administrative separation board. So therefore, one being separated is entitled to a board. That's what they're required to under Chapter 6? Yes, Judge. So, but Chapter 6 doesn't cover every single separation in 1,250, does it? Clearly does not. Okay, so where in Chapter 6 does it cover a transfer from the AR to the IRR? It does not directly address the issue, and I think that there's really two... As one pulls back the veil on all of these acronyms and all of the procedural issues... Let me just say, I don't understand that. If we recognize that separation is a broad category and that it includes some things that you get a board for and some things you don't, which I think you agree with. Yes, sir. And Chapter 6 is the category for which you get a board, then you have to show that this action is covered in Chapter 6. Where in Chapter 6 would you put this action? So I don't have... Judge, if I can, I don't have the exact language of Chapter 6 in front of me, but I do have the... Well, it's in your appendix. I know it's in the appendix, Judge. I don't have the appendix in front of me, I should say. You know, you have to bring your appendix or argument. Judge, I have. My apologies, Judge. It's on my computer. I did not fire it. Josh, can you give him... Sorry. That's my mistake, Judge, I apologize. It's on page 678 of the appendix, unless it's marked up and you don't wanna share it. Sorry, 678 and 691 to 692 and 3. Right. Okay. Is there anything in there where you would put a transfer from the AR to the IRR? Well, I think that there are several where it could fall. I mean... I mean, you didn't make this argument in your brief, did you? That Chapter 6... I mean, do you understand my problem here is we recognize there's a broad category of separations. Not everything gets a Chapter 6 procedure, so you have to point out where in Chapter 6 this falls and you haven't done it. So why should he get the board? Because the broader language says that six years of active duty and who are going to be given a negative RE code are entitled to a board. That's the Mark Horsman. I realize that there is some conflict between the Mark Horsman and the separation and retirement manuals and these other acronyms, that those things don't necessarily coincide. That should not in order to the detriment of the Marine. The Marine should be given the language that he was told when he enlisted for a period of X number of years. The broader language says even if it doesn't fall within Chapter 6, he still gets a board. The gravamen of Chapter 6 is that those Marines who fall under, who have six years of active duty and it charts out a number of examples for it, this particular bizarre situation where one is in the active reserve and is then moved over to the IRR, no, it is not covered directly in Chapter 6. I certainly believe that it is covered within the spirit of Chapter 6, for lack of a better term. Judges, I think it's really helpful for us to do just a quick sort of what happened here. And what happened here is that this Marine enlisted for a period of four years. He then re-enlisted. He was not extended. That's a distinction, again, with a difference. He re-enlisted. When he re-enlisted, there are certain things that he was told. One of those was this is a contract with the United States. This will last for a period of four years. Family life happens, as happens in the life of a service member. That family life did not enable him to take that initial assignment. He requested an extension. I think the judges know, this Court knows. Now, one of the issues in this case, and I'll get back to this in a second, but one of the issues in this case He was in the military. He was subject to military orders. He was ordered to go to Arizona. And he knew that if he didn't, he would be subject to a re-entry code of RE-30. And he made that choice. And isn't that the end of it? No, it's not the end of it, because there's also another part of that, which is that there's a provision in that same language that says that he requests that he be the understanding was that he would be separated, even with an RE-30 code, that that would be at the end of that two-year period. That portion of the language in the page 11 entry is important. Actually, they didn't put it in the page 11 entry, but they cited a regulation that includes the page 11 entry. So, the fact that he had this case come about where Mr. Johnson was told, in two years, when your enlistment is up, you're done and we're going to give you an RE-30. That's a different story. Because that's the end of his enlistment. And there's a separate procedure for that. That is not what happened in this case. In this case, they cut his enlistment short. And that requires due process. He did not get that due process. I might need you to repeat that for me. I don't know if I'm following your distinction. What is it in what he signed that differs from what really happened to him? It seemed to me everything that happened to him was entirely consistent with what he was told would happen to him. He was told that he would get an RE-30. There was also citation to a Mark Korsman, I believe, or a Marv Adman, I forget which one, which says that he will be continued until the end of his enlistment. And you're saying he was not continued? He was not. He was cut short two years from his enlistment. He was transferred, right? He was transferred from an active reserve position, which is and it's a strange, active reserve position, Judge, if I can help the court out a little bit. You are on active duty. That's the A part of the active reserve. Your component is, in this case, the Marine Corps Reserve. But he is a member of the active reserve. And he's an active duty Marine at that point. He is then transferred to the individual ready reserve, which is a non-drilling, non-participating portion of the reserve. And are you saying part of your claim before us is that he wasn't told he was going to be transferred to the IRR? No. That he was not told that his enlistment would be cut short. I didn't understand the no. Did I get it right or did I get it wrong? That is not part of my claim. So tell me again what the claim is? The claim is that his enlistment was cut two years short and that he was given a stigmatizing RE code. What was cut two wasn't he just enlisted in the reserves and assigned to active reserve duty and then transferred to the individual ready part of the reserves. So his enlistment wasn't cut short. He served the remainder of his reserve duty, but just in a different component of the reserves. Well, the actual interesting thing about this case, and I don't know if this hurts my cause, but just so the court understands, three months later he was put back into a regular position. Doesn't that suggest that his enlistment was never cut short. It was just, he was transferred to a different component of the reserves. There's a difference between transferring to different parts of the reserves and ending the enlistment early. Isn't there? There is Judge. And the key distinction in this case that we are asking the court to make is whether one who is in the active reserve, the AR, is entitled to the protections of an active duty Marine or entitled to the protections of a reserve Marine. That's in a fine line, that is one of the main issues in this case. We contend that because he was on an active duty status and because he signed a contract for an extension of four years on that active duty status, that he is entitled to the protections of a separation board. The government argues that Mr. Johnson was terminated from employment. The Mark Horsman is the authority on procedures for separating Marines. According to paragraph 1011, the manual for separating Marines includes when a Marine is separated before completion of their service obligation by reason of administrative separation both voluntarily and involuntarily. That is exactly what happened in this case and that is what triggers the board provisions. Mr. Johnson's case falls squarely under paragraph B. The main question in this case, Judge Hughes, as you said, is how to interpret the word separation and whether the procedural protections that apply to a Marine who is being involuntarily separated apply to the facts of this case. The definition of separation in the Mark Horsman states directly, when one is transferred from active duty to the IRR. That is what happened in this case. This contradicts the BCNR's finding that the plaintiff was not separated and was instead somehow released from active duty as release and separation are essentially the same thing. The government argues that Mr. Johnson does not offer any authority that he was entitled to the notification requirements. However, MCO 1900.16 FOXTROT 16F, excuse me, my old habit to die hard sometimes judges, applies to Mr. Johnson's situation. The board said these procedures were not required because Mr. Johnson was not separated but also because the MAR admin took authoritative precedence over the Mark Horsman. We disagree. The government says the government argues that while he was separated, he was not entitled to procedural requirements of one who is separated. That seems to be contradictory within the government's own language. Judges, I'm already into my rebuttal time. Subject to any questions from the members of the court, that concludes my initial presentation. We will save your time. Thank you, Judge. Mr. Vanderbilt. May it please the court. One thing that I thought would be helpful today would be to just run through some sections of the separation manual that make, in my view, very clear that separation does not guarantee a separation board. To do that, there's two pages of the separation manual that I believe have been referred to in the joint appendix. I have copies of these. I provided Mr. Johnson's counsel a copy earlier. If I could approach the bench, I could give these to the court. There's no objection. I don't have an objection. I don't know that this was what was in effect at the time. There's no date on it, but whatever value it may provide to the court, we're fine with that. Before you start, a question occurred to me. I'm not sure this is what your opposing counsel is arguing, but if you're on active duty, not active duty reserve, but active duty, and you get transferred to the reserves, do you get a board then? Is that a discharge? I guess, I'm sure your answer is going to be you can't answer that because you don't know what the basis for the transfer was. Maybe it's not a good question. I just wondered if that's what your friend is trying to say, is that because if you're on active duty, not active duty reserves, and you get a change in status, you get a board then, and he's trying to say active duty reserve is equivalent to active duty. Does that make any sense? You can tell me no. I understand your Honor's question, I think. The way I see it, and I think it will be helpful when I go through this a little bit, that we don't contest that Mr. Johnson, what happened to him met the definition of separation, but the separation manual sets out, depending on the reason for separation, what procedures are available. Some of them entitle the service member to certain levels of notice. Some of them entitle the service member to a separation board, but they're all different. Anyway, that was my plan here. Do you know whether these are the versions that were in place at the time? I asked the Navy for the versions in place at the time, and this is what the Navy gave me. That's my understanding, Your Honor. I believe this version was from 2007, and I looked, and it was changed in late 2013 after this took place. I think this is the applicable version. If I could direct the Court to it's section 6303, which is the second to last page here. It's at the bottom. I highlighted parts of this. It says 642 at the bottom, 6-42. Yes, Your Honor. This is the beginning of the notification procedure section, so I believe this is Mr. Johnson's argument, is that he's entitled to these notification procedures. Paragraph 1 under section 6303 says the procedures and requirements outlined in this paragraph are applicable under any specific reason for separation contained in section 2. So you need to look to section 2. Also below that, in paragraph 2 and then subsection B, it says if a reason for separation stated in the Notice of Proposed Action requires processing under the Administrative Board procedure, process per paragraph 6304, and then see table 6-2 for bases requiring Administrative Board procedures. Then I just also, while we're still on this document, on the very last page it has the beginning of section 6304 which is the Administrative Board procedures, and the first line begins if an Administrative Board is required. So just from that, it's clear you don't always get an Administrative Board if you're separated. Is table 6-2 what I was discussing with your friend in the appendix? It is, that one is in the Joint Appendix, Your Honor. It is at 691-693. Right, that's what we were looking at. Right. And so only, in your view, only those in page 2 get these special procedures? Well, not even all of these, Your Honor. That's part of my point, that if the court could refer to appendix 691-693 this, it lists all these various categories of involuntary separations that are from section 2. At the top it has a series of notes. It says notes 1, 2, 3 all the way through 10. Over on appendix 694 it explains what those notes mean. And so some of the earlier ones are describing different degrees of notice that could be afforded to the Marine. Number 7 is Marine must be afforded the right to present his or her case before an administrative separation board with the advice and assistance of counsel. Referring to the Separation Manual, paragraph 6-3-0-4. Under those notes, for every type of involuntary separation, it's either blank or there's an X or there's a hashtag or there's a letter Y. On appendix 693, about a third from the bottom, there's a legend that explains what those mean. The Y means yes. So if there's a Y under note 7 in that column, that means the service member is entitled to a separation board. If there's an X it means only if the Marine has six or more years of active and active service or an other than honorable discharge is a possibility. And then if some of these are blank,    and he could point to one of these categories and places where then the way I read it, if it's blank then there is no separation board option. So that's what I wanted to point out. Other than that, I do still have some time remaining, but I think it sounds like the court has a good understanding of the case, so subject to any questions, I'd be happy to answer any. No, Your Honor, because he continued to serve in the inactive reserves. The individual ready reserve. I misquoted it there. He served in the IRR for about two and a half months, and then he rejoined the active reserves for another assignment in Quantico, Virginia. It was somewhere in Virginia. And just to that point, being in the individual ready reserve it is something. Just being in the individual ready reserve entitles a service member to retirement points per year. Can I just ask you to do you think we can take judicial notice of this? Was this below? Was this before the trial court? Assuming you're opposing counsel, you can confer and agree that this is the proper version of the regulations. Is it something we can take judicial notice of? Do we need to supplement the record? And was it presented below? I'm just a little confused about making sure the record is clear. I understand. I haven't researched that specifically. My assumption would be the court could take judicial notice of it because it's a publicly available the Marine Corps Separation Manual should be publicly available. And it's not evidence, really. It's more a source of authority. It's a set of regulations. I would think so. I don't know if it was presented below. That may be why it was not in the joint appendix. But parts of the Separation Manual are in the joint appendix. I don't know if the entire Separation Manual was presented below or only parts of it. And you would have no objection to us taking judicial notice of what you just handed out? No, Your Honor. Anything further? No, Your Honor. I'm happy to rest our case now. I don't need too much of your rebuttal. Assuming you find that this is the correct version that's applicable, would you have any objection to us taking judicial notice of this? No, Judge. Judge, there's just a couple of things I wanted to point on. One was to answer one of your questions, Judge. Whether one is on active duty and is transferred to the IRR or the Marine Corps Reserve, whether or not they are entitled to the board. It actually goes opposite of that. If one is facing a board and if one is being separated, then there are provisions, and this is in the AR, there are provisions to transfer them to the IRR. In 30 years of doing this, I've never heard of somebody transferred from the active duty to the IRR without going to separation proceedings first. I hope that clears it up for the Court. Your Honor, one of the things that I would like to point out in my last couple of minutes here is that on Mr. Johnson's DD-214, the separation authority was listed as Mark Horsman 1005. In Mark Horsman 1005, it states specifically that Marines separated before their expiration of enlistment will be transferred to the IRR, subject to the March of 2001, and it discusses that the narrative reason given for separation in Mr. Johnson's case was expiration of term of service. That is simply incorrect. He was cut short. The fact that the Marine Corps, like I said earlier, Judge, the fact that the Marine Corps regulations seem to contradict with one another, in our opinion, does not inure to the detriment of Mr. Johnson. Your Honor, subject to any further questions from the members of the Court, that would conclude my presentation today. Thank you, Counsel. Thank you, Judge.